E-FILED
Friday, 10 June, 2022  04:46:54 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

ABM Service Corporation,

Plaintiff,

v.

Gary Cucchi;
> Serve:
> 2660 Stonewood Park Loop
> Land O'Lakes, Florida 34638

Florida Educator Insurance, LLC;
> Serve:
> Registered Agent: Gary Cucchi
> 2660 Stonewood Park Loop
> Land O'Lakes, Florida 34638

Florida Educator Insurance East, LLC;
> Serve:
> Registered Agent: Gary Cucchi
> 2660 Stonewood Park Loop
> Land O'Lakes, Florida 34638

Florida Educator Insurance West Coast, LLC;
> Serve:
> Registered Agent: Gary Cucchi
> 2660 Stonewood Park Loop
> Land O'Lakes, Florida 34638

FEI & Associates, LLC
> Serve:
> Registered Agent: Cynthia Cucchi
> 2660 Stonewood Park Loop
> Land O'Lakes, Florida 34638

Joseph Fisher;
> Serve:
> 3277 Majestic Oak Dr
> Saint Cloud, FL  34771

Mid-State Educators Insurance Services, LLC
> Serve:

48931163v2

Registered Agent: Gary Cucchi
2660 Stonewood Park Loop
Land O'Lakes, Florida 34638

| | |
|---|---|
| Ronald DeFreitas; | Case No. |
|     Serve: | |
|     4972 Royal Gulf Circle | |
|     Fort Myers, Florida 33966 | |

Ronald DeFreitas;
    Serve:
    4972 Royal Gulf Circle
    Fort Myers, Florida 33966

Gulf Coast Educators Insurance, LLC;
    Serve:
    Registered Agent: Ronald DeFreitas
    4972 Royal Gulf Circle
    Fort Myers, Florida 33966

GCE Insurance, LLC
    Serve:
    Registered Agent: Lucinda DeFreitas
    4972 Royal Gulf Circle
    Fort Myers, Florida 33966

Michael Croker; and
    Serve:
    9839 S. 168th Avenue, #2B
    Omaha, Nebraska 68136

Croker & Associates, LLC
    Serve:
    Registered Agent: Michael Croker
    9839 S. 168th Avenue, #2B
    Omaha, Nebraska 68136

Defendants.

---

# COMPLAINT
## FOR INJUNCTION, EQUITABLE RELIEF AND DAMAGES

Plaintiff, ABM Service Corporation, a wholly owned subsidiary of Horace Mann Educators Corporation (hereafter "Horace Mann"), by and through its attorneys, for its Complaint against Defendants, states and alleges as follows:

**INTRODUCTION**

1.      Horace Mann Educators Corporation is a Springfield-based, publicly traded company whose family of businesses, including plaintiff ABM Service Corporation, offers Property & Casualty, Life & Retirement and Group and Supplemental insurance products.

2.      Horace Mann was founded in 1945 in Springfield, Illinois and is a niche insurance and financial services company, which specializes in providing insurance and financial services to educators and their families.

3.      Horace Mann primarily sells its insurance and financial services products through its exclusive agents.

4.      Defendants Gary Cucchi, Joseph Fisher, Ronald DeFreitas, and Michael Croker (hereafter the "Individual Defendants") are all former exclusive agents and independent contractors with a collective 45-year history with Horace Mann.

5.      In addition to being licensed to sell insurance products as required by law, each of the Individual Defendants are also registered to sell security products with the Financial Investor Regulatory Authority ("FINRA").

6.      All combined, pursuant to their Exclusive Agent Agreements with Horace Mann, the Individual Defendants managed more than 10,000 customer households, consisting of annual sales totaling well in excess of $75,000.

7.      Horace Mann recently discovered a concerted effort of the Individual Defendants to coordinate the termination of their respective Exclusive Agent Agreements, breach of their duties of loyalty and restrictive covenants, and to commit a wholesale theft of Horace Mann's confidential business strategies and goodwill relationships.

8.      Horace Mann has suffered irreparable harm and the harm will continue until enjoined by this Court.

- 3 -

## PARTIES

9.     Plaintiff Horace Mann is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Springfield, Illinois.

10.     Defendant Gary Cucchi is an individual residing in the State of Florida, who may be served at his business address, 2660 Stonewood Park Loop, Land O'Lakes, Florida 34638.

11.     Defendant Florida Educator Insurance, LLC is a Florida limited liability company and can be served by serving its Registered Agent, Gary Cucchi, 2660 Stonewood Park Loop, Land O'Lakes, Florida 34638.  Upon information and belief, all members of Defendant Florida Educator Insurance, LLC are residents of Florida.

12.     Defendant Florida Educator Insurance East, LLC is a limited liability company registered in the state of Florida and can be served by serving its Registered Agent: Gary Cucchi, 2660 Stonewood Park Loop, Land O'Lakes, Florida 34638.  Upon information and belief, all members of Defendant Florida Educator Insurance East, LLC are residents of Florida.

13.     Defendant Florida Educator Insurance West Coast, LLC is a limited liability company registered in the state of Florida and can be served by serving its Registered Agent: Gary Cucchi, 2660 Stonewood Park Loop, Land O'Lakes, Florida 34638.  Upon information and belief, all members of Defendant Florida Educator Insurance West Coast, LLC are residents of Florida.

14.     Defendant FEI & Associates, LLC is a limited liability company registered in the state of Florida and can be served by serving its Registered Agent: Cynthia Cucchi, 2660 Stonewood Park Loop, Land O'Lakes, Florida 34638.  Upon information and belief, all members of Defendant FEI & Associates, LLC are residents of Florida.

15.     Defendant Joseph Fisher is an individual residing in the State of Florida, who may be served with process at his home, 3277 Majestic Oak Dr., Saint Cloud, FL  34771.

16.    Defendant Mid-State Educators Insurance Services, LLC is a limited liability company registered in the state of Florida and can be served by serving its Registered Agent: Gary Cucchi, 2660 Stonewood Park Loop, Land O'Lakes, Florida 34638.  Upon information and belief, all members of Defendant Mid-State Educators Insurance Services, LLC are residents of Florida.

17.    Defendant Ronald DeFreitas is an individual residing in the State of Florida, who may be served with process at his business address, 4972 Royal Gulf Circle, Fort Myers, Florida 33966.

18.    Defendant Gulf Coast Educators Insurance, LLC is a limited liability company registered in the state of Florida and can be served by serving its Registered Agent: Ronald DeFreitas, 4972 Royal Gulf Circle, Fort Myers, Florida 33966.  Upon information and belief, all members of Defendant Gulf Coast Educators Insurance, LLC are residents of Florida.

19.    Defendant GCE Insurance, LLC is a limited liability company registered in the state of Florida and can be served by serving its Registered Agent: Lucinda DeFreitas, 4972 Royal Gulf Circle, Fort Myers, Florida 33966.  Upon information and belief, all members of Defendant GCE Insurance, LLC are residents of Florida.

20.    Defendant Michael Croker is an individual residing in the State of Nebraska, who may be served at his business address, 9839 S. 168th Avenue, #2B, Omaha, Nebraska 68136.

21.    Defendant Croker & Associates, LLC is a limited liability company registered in the state of Nebraska and can be served by serving its Registered Agent: Michael Croker, 9839 S. 168th Avenue, #2B, Omaha, Nebraska 68136.  Upon information and belief, all members of Defendant Croker & Associates, LLC are residents of Nebraska.

## JURISDICTION AND VENUE

22.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this dispute is between citizens of different states and the amount in controversy, in good faith, exceeds the sum of $75,000.

23.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in the State of Illinois.

24.     This matter involves the enforcement of numerous Exclusive Agent Agreements, agreed to by and among Horace Mann and certain Defendants, all of which state that "actions brought by [Horace Mann] shall be brought, at the discretion of [Horace Mann], in a state or federal court located in Springfield, Illinois", and certain Defendants "specifically consent to personal jurisdiction in the State of Illinois for such purposes and acknowledge that the selected forum of Springfield, Illinois is not burdensome and is the location of the execution of this Agreement."

## FACTS COMMON TO ALL COUNTS

25.     As described below, each of the Individual Defendants entered into one or more Exclusive Agent Agreements with Horace Mann and the Individual Defendants' associated LLCs.

### The Gary Cucchi Agreements

26.     On or about September 15, 2008, Gary Cucchi, individually and on behalf of Florida Educator Insurance, LLC, first became an independent contractor agent for Horace Mann and executed an Exclusive Agent Agreement, which is attached as **Exhibit A** and incorporated fully by this reference.

27.     The parties performed under this Exclusive Agent Agreement for fourteen years, from which Gary Cucchi and Florida Educator Insurance, LLC received significant compensation.

- 6 -

28.     On or about July 1, 2011, Gary Cucchi, individually and on behalf of Florida Educator Insurance West Coast, LLC, executed an Exclusive Agent Agreement, which is attached as **Exhibit B** and incorporated fully by this reference.

29.     The parties performed under this Exclusive Agent Agreement for nearly 11 years, from which Gary Cucchi and Florida Educator Insurance West Coast, LLC received significant compensation.

30.     On or about July 1, 2014, Gary Cucchi, individually and on behalf of Florida Educator Insurance East, LLC, executed an Exclusive Agent Agreement, which is attached as **Exhibit C** and incorporated fully by this reference.

31.     The parties performed under this Exclusive Agent Agreement for nearly 8 years, from which Gary Cucchi and Florida Educator Insurance East, LLC received significant compensation.

**The Joseph Fisher Agreement**

32.     On or about April 1, 2011, Joseph Fisher, individually and on behalf of Mid-State Educators Insurance Services, LLC, first became an independent contractor agent for Horace Mann and executed an Exclusive Agent Agreement, which is attached as **Exhibit D** and incorporated fully by this reference.

33.     The parties performed under this Exclusive Agent Agreement for 11 years, from which Joseph Fisher and Mid-State Educators Insurance Services, LLC received significant compensation.

**The Ronald DeFreitas Agreements**

34.     On or about August 1, 2009, Ronald DeFreitas, individually and on behalf of Gulf Coast Educators Insurance, LLC, first became an independent contractor agent for Horace Mann

and executed an Exclusive Agent Agreement, which is attached as **Exhibit E** and incorporated fully by this reference.

36.     The parties performed under this Exclusive Agent Agreement for nearly 13 years, from which Ronald DeFreitas and Gulf Coast Educators Insurance, LLC received significant compensation.

36.     On or about September 3, 2013, Ronald DeFreitas, individually and on behalf of Gulf Coast Educators, Insurance, LLC, executed an additional Exclusive Agent Agreement, which is attached as **Exhibit F** and incorporated fully by this reference.

37.     The parties performed under this Exclusive Agent Agreement for nearly 9 years, from which Ronald DeFreitas and Gulf Coast Educators Insurance, LLC received significant compensation.

### The Michael Croker Agreements

38.     On or about August 1, 2014, Michael Croker, individually and on behalf of Croker & Associates, LLC, first became an independent contractor agent for Horace Mann and executed an Exclusive Agent Agreement, which is attached as **Exhibit G** and incorporated fully by this reference.

39.     The parties performed under this Exclusive Agent Agreement for nearly 8 years, from which Michael Croker and Croker & Associates, LLC received significant compensation.

40.     On or about October 1, 2018, Michael Croker, individually and on behalf of his sole proprietorship fictitiously named "Midwest Partners Insurance, LLC", executed an Exclusive Agent Agreement, which is attached as **Exhibit H** and incorporated fully by this reference.

41.     The parties performed under this Exclusive Agent Agreement for nearly 4 years, from which Michael Croker and Croker & Associates, LLC received significant compensation.

**Horace Mann's Strong and Lasting Relationships with its Customers**

42.     Horace Mann builds strong and lasting customer relationships by fostering trust with its clients—many of whom have been with Horace Mann for decades.

43.     Horace Mann invests significant time, money and effort in helping to develop and maintain its client relationships through its exclusive agents, such as the Individual Defendants.

44.     In addition, Horace Mann provides its exclusive agents with resources, training, advance payments, regulatory compliance help and a marketing platform to help develop and maintain these client relationships.

45.     Horace Mann also supports its exclusive agents by providing them with access to a wide range of tools to support Horace Mann's customers—and the school districts including, for example, access to Tuition.io, a student loan forgiveness platform, and Donors Choose, a platform developed to assist teachers in "crowd sourcing" needed school supplies.

46.     Frequent personal customer contacts with exclusive agents (like the Individual Defendants) are key to developing and maintaining these customer relationships.

47.     Horace Mann, its exclusive agents (like the Individual Defendants), and its clients have a reasonable expectation that the relationship between Horace Mann and the clients will last year after year, as policies must be renewed and insurance and financial needs evolve during customer's career.

48.     Horace Mann, through its exclusive agents (like the Individual Defendants), learns the ins and outs of their customers' financial and insurance needs as a manner of improving the level of service.

49.     In addition to the legal and regulatory obligations to maintain policyholders' confidentiality, which Horace Mann takes very seriously, Horace Mann obtains a competitive advantage from this information because it knows its policyholders and how to meet their needs.

50.     Accordingly, Horace Mann takes a number of steps to safeguard this confidential information, including requiring its exclusive agents (like the Individual Defendants) to execute Exclusive Agent Agreements with stringent confidentiality provisions.

### Key Provisions of the Exclusive Agent Agreements

51.     Horace Mann's Exclusive Agent Agreements with the Individual Defendants and their associated LLCs (Exhibits A – H, above and hereafter "the Exclusive Agent Agreements") are substantially similar in many key respects.

52.     The relevant provisions of the Exclusive Agent Agreements, in Section 17 and captioned "Ongoing Obligations Upon Termination of Agreement," state the following:

You will **immediately and completely return all property** including but not limited to documents, hardware and software including any originals, copies, duplicates or facsimiles, belonging to Horace Mann, or dispose of such property in such manner as the Company specifies.

You will **immediately cease to use such telephone numbers** referenced in Section 5 above and execute an Order of Transfer of Responsibility for such numbers in Your name to the Company or to any party the Company designates, and You will immediately notify the telephone company of any such transfer. You will be responsible for all charges incurred up to the date of execution of the transfer. However, if this Agreement is terminated pursuant to Section 16A (4), the Company will not require that You execute an Order of Transfer of Responsibility for any telephone numbers in Your name.

For a **period of twelve (12) months following termination, for any reason, You agree You will not solicit the purchase of products or services in competition with those sold by Horace Mann**:

1.      With respect to any person, company or organization to whom You or anyone acting on Your behalf sold insurance or other products or services on behalf of Horace Mann or a Partnering Company and who is a customer of Horace Mann or a Partnering Company at the time of Your termination,

- 10 -

2.      With respect to any person, company or organization who is a customer of Horace Mann or a Partnering Company at the time of termination of this Agreement and whose identity was discovered by You as a result of Your status as a Horace Mann agent or as a result of Your access to Confidential Information of Horace Mann, or

3.      From any office or business site located within ten miles of any locations from which You solicited or sold Horace Mann or Partnering Companies' products or services during the year immediately preceding termination of this Agreement.

(emphasis added).

53.     These restrictions are reasonable because they (1) protect a legitimate business interest of the Horace Mann; (2) do not impose undue hardships on the Defendants; (3) are not injurious to the public; and (4) the time and territory limits are reasonable.

54.     Section 18 of the Exclusive Agent Agreements addresses "Certain Remedies Upon Breach of Obligations," which provides:

You recognize a breach of any of the provisions under Section 17 above will cause **irreparable damage to the Company's business** and such damage will be difficult or impossible to measure. You agree that in the event of any such breach, the Company, in addition to such other rights and remedies as it may have, will be immediately entitled to an order granting **injunctive relief from any court of competent jurisdiction against any act which would violate any such provision**, without the necessity of posting a bond, and You waive any defense to an application for such order, except that the violation did not occur. You agree the Company will be **entitled to an award of reasonable attorneys' fees**, legal interest as permitted by law and court costs in the event it is successful in an application for injunctive relief or in an action based upon breach of the foregoing provisions.

(emphasis added).

55.     In Section 3(E), titled "Your Responsibilities," Exclusive Agents agree "to maintain any required FINRA license and any required insurance agent or producer license in the state or states in which You are appointed to represent Horace Mann and to comply with any and all applicable federal, state, or local laws, rules, regulations and ordinances affecting Your operations."

- 11 -

56.     As noted, each of the Individual Defendants are registered to sell security products and, as such, are required to comply with FINRA regulations.

57.     To comply with FINRA regulations, Horace Mann's internal policies and procedures require that Horace Mann review and archive electronic business communications sent and received by FINRA-registered agents.

58.     Accordingly, to permit this review and archiving, Horace Mann's policies require that all registered agents (like the Individual Defendants) send and receive business-related e-mail only from the agents' approved @horacemann.com e-mail addresses.

59.     FINRA Rule 3270, pertaining to "Outside Business Activities of Registered Persons" states that "No registered person may be an employee, independent contractor, sole proprietor, officer, director or partner of another person, or be compensated, or have the reasonable expectation of compensation, from any other person as a result of any business activity outside the scope of the relationship with his or her member firm, unless he or she has provided prior written notice to the member, in such form as specified by the member."

60.     Thus, Horace Mann's policies require that all registered agents (like the Individual Defendants) routinely disclose their outside business activities.

**Defendants' Breach the Exclusive Agent Agreements and
Tortious Interference with Horace Mann's Customer Relationships**

61.     Defendant Joseph Fisher provided written notice of termination on or about March 11, 2022, and accordingly, Horace Mann reminded Defendants Fisher and Mid-State Educators Insurance Services, LLC of their Ongoing Obligations Upon Termination of the Agreement.

62.     The remaining Individual Defendants, Gary Cucchi, Ronald DeFreitas, and Michael Croker provided written termination of their respective Exclusive Agent Agreements on

or about May 2, 2022, and were similarly reminded of their own contractual obligations to Horace Mann.

63. Although the Individual Defendants all worked separately as independent contractors in different locations, they were known to Horace Mann to have friendly and other business associations with one another.

64. Accordingly, concerned about the synchronized terminations, Horace Mann investigated the Defendants' post-termination activities.

65. Horace Mann discovered numerous instances of blatant violations of the Exclusive Agent Agreements—many of which occurred months before the Individual Defendants provided notice of termination and while the Individual Defendants actively owed fiduciary duties to Horace Mann.

66. Because Individual Defendants and their staff acted in a clandestine and concerted manner to undermine Horace Mann's business relationships and schemed to misappropriate Horace Mann's customers in wonton disregard to their contractual relationships, many of the wrongful acts of the Individual Defendants are not yet fully known.

67. Indeed, Horace Mann believes its current knowledge of the Individual Defendants' egregious and unethical conduct is merely the tip of the iceberg and that, through discovery, additional facts will surface and reveal the full extent of the Individual Defendants' wrongdoing.

68. While the full extent of the Individual Defendants improper conduct has not yet been fully discovered, the information obtained to date paints a disturbing picture.

69. The misconduct reveals that the Individual Defendants have embarked on a long-planned, orchestrated attempt to undermine Horace Mann's business interests by effectively

misappropriating Horace Mann's customers, existing relationships with school districts, business plans, and proprietary business model.

70.    More troubling, it also appears that the Individual Defendants' conduct is improperly focused on enriching the Individual Defendants at the expense of Horace Mann's clients and their best interests.

### Misconduct by the Gary Cucchi Defendants

71.    On February 15, 2022, Cynthia Cucchi, the wife of Defendant Gary Cucchi, registered a new company called "FEI & Associates, LLC," where she identified herself as the Manager and the Registered Agent, and listed the business address occupied by Defendant Gary Cucchi, Defendant Florida Educator Insurance, LLC, Defendant Florida Educator Insurance East, LLC, and Defendant Florida Educator Insurance West Coast, LLC.

72.    Upon information and belief, Gary Cucchi is a member of Defendant FEI & Associates, LLC, and was directly or indirectly involved in the formation of Defendant FEI & Associates, LLC.

73.    Horace Mann learned that Defendant Joseph Fisher now works as a representative or employee of Defendant FEI & Associates, LLC, and that Gary Cucchi now serves as Manager, along with Joseph Fisher, of Defendant Mid-State Educators Insurance Services, LLC.

74.    Defendants Gary Cucchi, Florida Educator Insurance, LLC, Florida Educator Insurance East, LLC, Florida Educator Insurance West Coast, LLC, FEI & Associates, LLC, Mid-State Educators Insurance Services, LLC and Defendant Joseph Fisher are hereafter collectively referred to as "the Gary Cucchi Defendants".

75.    In April 2022, the Gary Cucchi Defendants caused numerous current Horace Mann clients to receive e-mails that falsely stated that Cucchi's Horace Mann-registered agency had

- 14 -

simply "changed names" and these clients needed to DocuSign certain paperwork to continue receiving service on their accounts.

76.     Specifically, these e-mails stated:

We are in the process of updating our agency name to FEI and Associates.  Please be so kind to sign this form so we can continue to service your account once this transition has been finalized.  Should you have any questions please call our agency at 813-600-3268. ext 218.

77.     Many Horace Mann clients were troubled by these e-mails and concerned that they were from hackers or otherwise unauthorized by Horace Mann.

78.     Horace Mann clients contacted Defendant Gary Cucchi and representatives of the Gary Cucchi Defendants via their Horace Mann e-mail accounts to confirm whether the DocuSign e-mails from FEI & Associates were legitimate.

79.     The Gary Cucchi Defendants, responding from their Horace Mann e-mail accounts, falsely stated that there was a "name change" and that the Horace Mann clients must execute the DocuSign paperwork to continue receiving service for their policies.

80.     A sample of these e-mails, which has been redacted to remove the names of affected clients, is attached hereto as **Exhibit I.**

81.     Additionally, around the same time in March 2022 and in violation of Horace Mann and FINRA policies, Defendant Gary Cucchi began conducting business on behalf of Defendant FEI & Associates, LLC using an e-mail address of Gary.Cucchi@FEIpartners.com.

82.     Horace Mann also located a copy of the business plan Gary Cucchi created for FEI & Associates, LLC, which indicates a wholesale theft of Horace Mann's business model.

83.     A copy of this business plan, along with internal Confidential Horace Mann business materials, will be provided to the Court under a Protective Order and a comparison will illustrate the Gary Cucchi Defendants' theft of confidential information.

84.     To date, more than 300 policies have improperly transferred due to the Gary Cucchi Defendants' misrepresentations to Horace Mann clients and improper solicitations in violation of the Exclusive Agent Agreements.

## Misconduct by the Ronald DeFreitas Defendants

85.     On February 15, 2022, Lucinda DeFreitas, the wife of Defendant Ronald DeFreitas, registered a new company called "GCE Insurance, LLC," where she identified herself as the Manager and the Registered Agent, and listed the business address occupied by Defendant Ronald DeFreitas and Defendant Gulf Coast Educators Insurance, LLC.

86.     Upon information and belief, Ronald DeFreitas is a member of Defendant GCE Insurance, LLC, and was directly or indirectly involved in the formation of Defendant GCE Insurance, LLC.

87.     Defendants Ronald DeFreitas, Gulf Coast Educators Insurance, LLC, and GCE Insurance, LLC are hereafter collectively referred to as the "Ronald DeFreitas Defendants."

88.     Horace Mann's investigation revealed that, as early as March 8, 2022, in violation of Horace Mann and FINRA policies, the Ronald DeFreitas Defendants began using e-mail addresses with the domain address "@gceiwm.com" to correspond with Horace Mann clients.

89.     The Ronald DeFreitas Defendants, without disclosure or authorization, established and published the website www.gceiwm.com prior to Defendant DeFreitas's departure date.

90.     Among other things, in clear violations of FINRA regulations and Horace Mann policies, the website contains reference to various security-related products including mutual funds and 529 plans.

91.     Horace Mann has discovered at least one instance of the Defendant Ronald DeFreitas falsely telling a Horace Mann customer of DeFreitas's "system" had "switched over,"

as opposed to DeFreitas leaving Horace Mann and starting a new competing agency; upon information and belief, this was not an isolated occurrence.

92.     Additionally, the Ronald DeFreitas Defendants have improperly retained use of business telephone numbers that contractually belong to Horace Mann.

93.     The Ronald DeFreitas Defendants operate in two locations, in Fort Myers and Naples, and publicly identify two phone numbers for these offices: (239) 931-5316 for the Fort Myers location and (239) 591-0963 for the Naples location.

94.     Notably, the Exclusive Agent Agreements signed by Ronald DeFreitas state: "**All telephone numbers** used in connection with business conducted pursuant to this Agreement **are the property of the Company** regardless of who pays for the installation and use of the telephone lines." (emphasis added).

95.     In additional relevant provisions of the Exclusive Agent Agreement, captioned "Ongoing Obligations Upon Termination of Agreement," the Ronald DeFreitas Defendants contractually agreed that they would "immediately **cease to use such telephone** numbers referenced in Section 5" and "immediately and **completely return all property** . . . belonging to Horace Mann." *Id.* at Section 17(B)-(C) (emphasis added).

96.     However, despite multiple requests for the Ronald DeFreitas Defendants to assign the telephone numbers back to Horace Mann, the Ronald DeFreitas Defendants have refused to do so.

97.     To date, at least eight policies have improperly transferred away from Horace Mann and to the Ronald DeFreitas Defendants.

**Misconduct by the Michael Croker Defendants**

98.    Defendant Michael Croker and Defendant Croker & Associates, LLC (collectively and hereafter, the "Michael Croker Defendants") improperly engaged in undisclosed Outside Business Activities and unauthorized securities-related communications prior to termination of the Exclusive Agent Agreement.

99.    Specifically, Defendant Michael Croker began promoting his agency, called "Croker Group", on social media in February 2022.

100.    Horace Mann discovered evidence of Defendant Michael Croker using the unauthorized e-mail address Michael@crokergroup.com as early as March 16, 2022.

101.    In addition to the Croker Group, Horace Mann discovered evidence of numerous other undisclosed entities associated with Michael Croker, including Croker Consulting, LLC, Croker Properties, LLC and Croker Ventures, LLC.

102.    In March 2022, Defendant Michael Croker contacted a Horace Mann client to update his contact information to discontinue using his Horace Mann e-mail address.

<u>**COUNT I**</u>
<u>**BREACH OF CONTRACT**</u>

*Against Gary Cucchi and Florida Educator Insurance, LLC*

103.    Horace Mann repeats and realleges Paragraphs 1 through 102 as if fully set forth herein.

104.    Horace Mann, Defendant Gary Cucchi and Florida Educator Insurance, LLC entered into a binding and enforceable contract in the form of the Exclusive Agent Agreement, attached as Exhibit A.

105.    Horace Mann has fully complied with the Exclusive Agent Agreement.

- 18 -

106.    Defendants Gary Cucchi and Florida Educator Insurance, LLC have violated the Exclusive Agent Agreement by engaging in undisclosed and unauthorized competitive business activities during the term of the Agreement.

107.    Defendants Gary Cucchi and Florida Educator Insurance, LLC have violated and continue to violate the provisions of the Exclusive Agent Agreement by improperly using confidential information, and soliciting Horace Mann customers by offering competitive products and services.

108.    As a direct and proximate result of these breaches of the Exclusive Agent Agreement, Horace Mann has suffered and will suffer damage by the loss of business and the loss of customer goodwill in an amount to be proven at trial, in excess of $75,000, exclusive of interest and costs.

109.    Horace Mann has been required to retain attorneys to prosecute this action and is entitled to an award of attorneys' fees and costs of suit.

WHEREFORE, Horace Mann prays for judgment as follows:  Judgment in its favor on Count I against Defendants Gary Cucchi and Florida Educator Insurance, LLC and that Horace Mann be awarded its damages in excess of $75,000 to be determined at trial; (1)  An injunction prohibiting Defendants Gary Cucchi and Florida Educator Insurance, LLC from, for a period of twelve (12) months from the date of the Court's Order, soliciting the purchase of products or services in competition with those sold by Horace Mann to: (a)  Any person, company or organization to whom Defendants Gary Cucchi and Florida Educator Insurance, LLC sold insurance or other products or services on behalf of Horace Mann and who was a customer of Horace Mann as of May 20, 2022; or (b) Any person, company or organization who was a customer of Horace Mann as of May 20, 2022 and whose identity was discovered by Defendants Gary

Cucchi and Florida Educator Insurance, LLC as a result of access to Confidential Information of Horace Mann; For an award of costs and attorneys' fees; for an award of prejudgment interest at the highest rate allowed by law until paid in full; and for such other and further relief as is just and proper.

## COUNT II
## BREACH OF CONTRACT

*Against Gary Cucchi and Florida Educator Insurance West Coast, LLC*

110.    Horace Mann repeats and realleges Paragraphs 1 through 109 as if fully set forth herein.

111.    Horace Mann, Defendant Gary Cucchi and Florida Educator Insurance West Coast, LLC entered into a binding and enforceable contract in the form of the Exclusive Agent Agreement, attached as Exhibit B.

112.    Horace Mann has fully complied with the Exclusive Agent Agreement.

113.    Defendants Gary Cucchi and Florida Educator Insurance West Coast, LLC have violated the Exclusive Agent Agreement by engaging in undisclosed and unauthorized competitive business activities during the term of the Agreement.

114.    Defendants Gary Cucchi and Florida Educator Insurance West Coast, LLC have violated and continue to violate the provisions of the Exclusive Agent Agreement by improperly using confidential information, and soliciting Horace Mann customers by offering competitive products and services.

115.    As a direct and proximate result of these breaches of the Exclusive Agent Agreement, Horace Mann has suffered and will suffer damage by the loss of business and the loss of customer goodwill in an amount to be proven at trial, in excess of $75,000, exclusive of interest and costs.

48931163v2

116.    Horace Mann has been required to retain attorneys to prosecute this action and is entitled to an award of attorneys' fees and costs of suit.

WHEREFORE, Horace Mann prays for judgment as follows:  Judgment in its favor on Count II against Defendants Gary Cucchi and Florida Educator Insurance West Coast, LLC and that Horace Mann be awarded its damages in excess of $75,000 to be determined at trial; (1)  An injunction prohibiting Defendants Gary Cucchi and Florida Educator Insurance West Coast, LLC from, for a period of twelve (12) months from the date of the Court's Order, soliciting the purchase of products or services in competition with those sold by Horace Mann to: (a)  Any person, company or organization to whom Defendants Gary Cucchi and Florida Educator Insurance West Coast, LLC sold insurance or other products or services on behalf of Horace Mann and who was a customer of Horace Mann as of May 20, 2022; or (b) Any person, company or organization who was a customer of Horace Mann as of May 20, 2022 and whose identity was discovered by Defendants Gary Cucchi and Florida Educator Insurance West Coast, LLC as a result of access to Confidential Information of Horace Mann; For an award of costs and attorneys' fees; for an award of prejudgment interest at the highest rate allowed by law until paid in full; and for such other and further relief as is just and proper.

## COUNT III
## BREACH OF CONTRACT

*Against Gary Cucchi and Florida Educator Insurance East, LLC*

117.    Horace Mann repeats and realleges Paragraphs 1 through 116 as if fully set forth herein.

118.    Horace Mann, Defendant Gary Cucchi and Florida Educator Insurance East, LLC entered into a binding and enforceable contract in the form of the Exclusive Agent Agreement, attached as Exhibit C.

- 21 -

119.    Horace Mann has fully complied with the Exclusive Agent Agreement.

120.    Defendants Gary Cucchi and Florida Educator Insurance East, LLC have violated the Exclusive Agent Agreement by engaging in undisclosed and unauthorized competitive business activities during the term of the Agreement.

121.    Defendants Gary Cucchi and Florida Educator Insurance East, LLC have violated and continue to violate the provisions of the Exclusive Agent Agreement by improperly using confidential information, and soliciting Horace Mann customers by offering competitive products and services.

122.    As a direct and proximate result of these breaches of the Exclusive Agent Agreement, Horace Mann has suffered and will suffer damage by the loss of business and the loss of customer goodwill in an amount to be proven at trial, in excess of $75,000, exclusive of interest and costs.

123.    Horace Mann has been required to retain attorneys to prosecute this action and is entitled to an award of attorneys' fees and costs of suit.

WHEREFORE, Horace Mann prays for judgment as follows:  Judgment in its favor on Count III against Defendants Gary Cucchi and Florida Educator Insurance East, LLC and that Horace Mann be awarded its damages in excess of $75,000 to be determined at trial; (1)  An injunction prohibiting Defendants Gary Cucchi and Florida Educator Insurance East, LLC from, for a period of twelve (12) months from the date of the Court's Order, soliciting the purchase of products or services in competition with those sold by Horace Mann to: (a)  Any person, company or organization to whom Defendants Gary Cucchi and Florida Educator Insurance East, LLC sold insurance or other products or services on behalf of Horace Mann and who was a customer of Horace Mann as of May 20, 2022; or (b) Any person, company or organization who was a customer

of Horace Mann as of May 20, 2022 and whose identity was discovered by Defendants Gary

Cucchi and Florida Educator Insurance East, LLC as a result of access to Confidential Information

of Horace Mann; For an award of costs and attorneys' fees; for an award of prejudgment interest

at the highest rate allowed by law until paid in full; and for such other and further relief as is just

and proper.

<u>**COUNT IV**</u>
<u>**TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE**</u>

*Against the Gary Cucchi Defendants*

*(Gary Cucchi, Florida Educator Insurance, LLC, Florida Educator Insurance East, LLC, Florida Educator Insurance West Coast, LLC, FEI & Associates, LLC, Mid-State Educators Insurance Services, LLC, and Joseph Fisher)*

124.    Horace Mann repeats and realleges Paragraphs 1 through 123 as if fully set forth

herein.

125.    Horace Mann and its policyholders entered into binding and enforceable

agreements in the form of insurance contracts and financial services accounts, and Horace Mann

had reasonable expectations of continuing those relationships with policy renewals and ongoing

financial services.

126.    The Gary Cucchi Defendants were aware of those existing contracts and Horace

Mann's expectancy of future policy renewals and financial services.

127.    The Gary Cucchi Defendants intentionally and unjustifiably interfered in a way to

prevent Horace Mann's legitimate expectancy from ripening.

128.    Horace Mann has been damaged and will continue to suffer damage as a result.

WHEREFORE, Horace Mann prays for judgment as follows:  Judgment in its favor on

Count IV against the Gary Cucchi Defendants and that Horace Mann be awarded its damages in

excess of $75,000 to be determined at trial; (1)   An injunction prohibiting the Gary Cucchi

Defendants from, for a period of twelve (12) months from the date of the Court's Order, soliciting the purchase of products or services in competition with those sold by Horace Mann to: (a)  Any person, company or organization to whom the Gary Cucchi Defendants sold insurance or other products or services on behalf of Horace Mann and who was a customer of Horace Mann as of May 20, 2022; or (b) Any person, company or organization who was a customer of Horace Mann as of May 20, 2022 and whose identity was discovered by the Gary Cucchi Defendants as a result of access to Confidential Information of Horace Mann; For an award of costs and attorneys' fees; for an award of prejudgment interest at the highest rate allowed by law until paid in full; and for such other and further relief as is just and proper.

### COUNT V
### BREACH OF FIDUCIARY DUTY

*Against Gary Cucchi*

129.    Horace Mann repeats and realleges Paragraphs 1 through 128 as if fully set forth herein.

130.    Gary Cucchi owed a fiduciary duty to Horace Mann because he agreed to serve as an Exclusive Agent and represent Horace Mann.

131.    Gary Cucchi breached that fiduciary duty by actively competing against Horace Mann during the term of the Exclusive Agent Agreement and representing himself to Horace Mann's customers as an agent of a competitor.

132.    Gary Cucchi's breach of fiduciary duty proximately caused damages to Horace Mann, resulting the loss of customer goodwill and profits.

WHEREFORE, Horace Mann prays for judgment as follows:  Judgment in its favor on Count V against Gary Cucchi and that Horace Mann be awarded its damages in excess of $75,000 to be determined at trial; (1)  An injunction prohibiting Gary Cucchi from, for a period of twelve

48931163v2

(12) months from the date of the Court's Order, soliciting the purchase of products or services in competition with those sold by Horace Mann to: (a)  Any person, company or organization to whom Gary Cucchi sold insurance or other products or services on behalf of Horace Mann and who was a customer of Horace Mann as of May 20, 2022; or (b) Any person, company or organization who was a customer of Horace Mann as of May 20, 2022 and whose identity was discovered by Gary Cucchi as a result of access to Confidential Information of Horace Mann; For an award of costs and attorneys' fees; for an award of prejudgment interest at the highest rate allowed by law until paid in full; and for such other and further relief as is just and proper.

## COUNT VI
## BREACH OF CONTRACT

*Against the Ronald DeFreitas Defendants*

*(Ronald DeFreitas and Gulf Coast Educators Insurance, LLC)*

133.    Horace Mann repeats and realleges Paragraphs 1 through 132 as if fully set forth herein.

134.    Horace Mann, Ronald DeFreitas and Gulf Coast Educators Insurance, LLC entered into two binding and enforceable contracts in the form of the Exclusive Agent Agreements, attached as Exhibit E and Exhibit F.

135.    Horace Mann has fully complied with the Exclusive Agent Agreements.

136.    Ronald DeFreitas and Gulf Coast Educators Insurance, LLC have violated the Exclusive Agent Agreements by engaging in undisclosed and unauthorized competitive business activities during the term of the Agreement.

137.    Ronald DeFreitas and Gulf Coast Educators Insurance, LLC have violated and continue to violate the provisions of the Exclusive Agent Agreements by refusing to reassign the

48931163v2

agency business telephone numbers, improperly using confidential information, and soliciting Horace Mann customers by offering competitive products and services.

138.    As a direct and proximate result of these breaches of the Exclusive Agent Agreements, Horace Mann has suffered and will suffer damage by the loss of business and the loss of customer goodwill in an amount to be proven at trial, in excess of $75,000, exclusive of interest and costs.

139.    Horace Mann has been required to retain attorneys to prosecute this action and is entitled to an award of attorneys' fees and costs of suit.

WHEREFORE, Horace Mann prays for judgment as follows:  Judgment in its favor on Count VI against Defendants Ronald DeFreitas and Gulf Coast Educators Insurance, LLC and that Horace Mann be awarded its damages in excess of $75,000 to be determined at trial; (1)  An injunction prohibiting Defendants Ronald DeFreitas and Gulf Coast Educators Insurance, LLC from, for a period of twelve (12) months from the date of the Court's Order, soliciting the purchase of products or services in competition with those sold by Horace Mann to: (a)  Any person, company or organization to whom Ronald DeFreitas and Gulf Coast Educators Insurance, LLC sold insurance or other products or services on behalf of Horace Mann and who was a customer of Horace Mann as of May 20, 2022; or (b) Any person, company or organization who was a customer of Horace Mann as of May 20, 2022 and whose identity was discovered by Ronald DeFreitas and Gulf Coast Educators Insurance, LLC as a result of access to Confidential Information of Horace Mann; For an award of costs and attorneys' fees; for an award of prejudgment interest at the highest rate allowed by law until paid in full; and for such other and further relief as is just and proper.

- 26 -

## COUNT VII
## TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE

*Against the Ronald DeFreitas Defendants*

*(Ronald DeFreitas, Gulf Coast Educators Insurance, LLC, and GCE Insurance, LLC)*

140.    Horace Mann repeats and realleges Paragraphs 1 through 139 as if fully set forth herein.

141.    Horace Mann and its policyholders entered into binding and enforceable agreements in the form of insurance contracts and financial services accounts, and Horace Mann had reasonable expectations of continuing those relationships with policy renewals and ongoing financial services.

142.    The Ronald DeFreitas Defendants were aware of those existing contracts and Horace Mann's expectancy of future policy renewals and financial services.

143.    The Ronald DeFreitas Defendants intentionally and unjustifiably interfered in a way to prevent Horace Mann's legitimate expectancy from ripening.

144.    Horace Mann has been damaged and will continue to suffer damage as a result.

WHEREFORE, Horace Mann prays for judgment as follows:  Judgment in its favor on Count VII against the Ronald DeFreitas Defendants and that Horace Mann be awarded its damages in excess of $75,000 to be determined at trial; (1)  An injunction prohibiting the Ronald DeFreitas Defendants from, for a period of twelve (12) months from the date of the Court's Order, soliciting the purchase of products or services in competition with those sold by Horace Mann to: (a)  Any person, company or organization to whom the Ronald DeFreitas Defendants sold insurance or other products or services on behalf of Horace Mann and who was a customer of Horace Mann as of May 20, 2022; or (b) Any person, company or organization who was a customer of Horace Mann as of May 20, 2022 and whose identity was discovered by the Ronald DeFreitas Defendants

- 27 -

as a result of access to Confidential Information of Horace Mann; For an award of costs and attorneys' fees; for an award of prejudgment interest at the highest rate allowed by law until paid in full; and for such other and further relief as is just and proper.

**COUNT VIII**
**BREACH OF FIDUCIARY DUTY**

*Against Ronald DeFreitas*

145.    Horace Mann repeats and realleges Paragraphs 1 through 144 as if fully set forth herein.

146.    Ronald DeFreitas owed a fiduciary duty to Horace Mann because he agreed to serve as an Exclusive Agent and represent Horace Mann.

147.    Ronald DeFreitas breached that fiduciary duty by actively competing against Horace Mann during the term of the Exclusive Agent Agreement and representing himself to Horace Mann's customers as an agent of a competitor.

148.    Ronald DeFreitas's breach of fiduciary duty proximately caused damages to Horace Mann, resulting the loss of customer goodwill and profits.

WHEREFORE, Horace Mann prays for judgment as follows:  Judgment in its favor on Count VIII against Defendant Ronald DeFreitas and that Horace Mann be awarded its damages in excess of $75,000 to be determined at trial; (1)  An injunction prohibiting Defendant Ronald DeFreitas from, for a period of twelve (12) months from the date of the Court's Order, soliciting the purchase of products or services in competition with those sold by Horace Mann to: (a)  Any person, company or organization to whom Ronald DeFreitas sold insurance or other products or services on behalf of Horace Mann and who was a customer of Horace Mann as of May 20, 2022; or (b) Any person, company or organization who was a customer of Horace Mann as of May 20, 2022 and whose identity was discovered by Ronald DeFreitas as a result of access to Confidential

Information of Horace Mann; For an award of costs and attorneys' fees; for an award of prejudgment interest at the highest rate allowed by law until paid in full; and for such other and further relief as is just and proper.

## COUNT IX
## BREACH OF CONTRACT

*Against the Michael Croker Defendants*

*(Michael Croker and Croker & Associates, LLC)*

149.    Horace Mann repeats and realleges Paragraphs 1 through 148 as if fully set forth herein.

150.    Horace Mann, Michael Croker and Croker & Associates, LLC entered into two binding and enforceable contracts in the form of the Exclusive Agent Agreements, attached as Exhibit G and Exhibit H.

151.    Horace Mann has fully complied with the Exclusive Agent Agreements.

152.    Michael Croker and Croker & Associates, LLC have violated the Exclusive Agent Agreements by engaging in undisclosed and unauthorized competitive business activities during the term of the Agreement.

153.    Michael Croker and Croker & Associates, LLC have violated and continue to violate the provisions of the Exclusive Agent Agreements by improperly using confidential information, and soliciting Horace Mann customers by offering competitive products and services.

154.    As a direct and proximate result of these breaches of the Exclusive Agent Agreements, Horace Mann has suffered and will suffer damage by the loss of business and the loss of customer goodwill in an amount to be proven at trial, in excess of $75,000, exclusive of interest and costs.

48931163v2

155.    Horace Mann has been required to retain attorneys to prosecute this action and is entitled to an award of attorneys' fees and costs of suit.

WHEREFORE, Horace Mann prays for judgment as follows:  Judgment in its favor on Count IX against Defendants Michael Croker and Croker & Associates, LLC and that Horace Mann be awarded its damages in excess of $75,000 to be determined at trial; (1)  An injunction prohibiting Defendants Michael Croker and Croker & Associates, LLC from, for a period of twelve (12) months from the date of the Court's Order, soliciting the purchase of products or services in competition with those sold by Horace Mann to: (a)  Any person, company or organization to whom Michael Croker and Croker & Associates, LLC sold insurance or other products or services on behalf of Horace Mann and who was a customer of Horace Mann as of May 20, 2022; or (b)  Any person, company or organization who was a customer of Horace Mann as of May 20, 2022 and whose identity was discovered by Michael Croker and Croker & Associates, LLC as a result of access to Confidential Information of Horace Mann; For an award of costs and attorneys' fees; for an award of prejudgment interest at the highest rate allowed by law until paid in full; and for such other and further relief as is just and proper.

### COUNT X
### TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE

*Against the Michael Croker Defendants*

*(Michael Croker and Croker & Associates, LLC)*

156.    Horace Mann repeats and realleges Paragraphs 1 through 155 as if fully set forth herein.

157.    Horace Mann and its policyholders entered into binding and enforceable agreements in the form of insurance contracts and financial services accounts, and Horace Mann

had reasonable expectations of continuing those relationships with policy renewals and ongoing financial services.

158.    Michael Croker and Croker & Associates, LLC were aware of those existing contracts and Horace Mann's expectancy of future policy renewals and financial services.

159.    Michael Croker and Croker & Associates, LLC intentionally and unjustifiably interfered in a way to prevent Horace Mann's legitimate expectancy from ripening.

160.    Horace Mann has been damaged and will continue to suffer damage as a result.

WHEREFORE, Horace Mann prays for judgment as follows:  Judgment in its favor on Count X against Defendants Michael Croker and Croker & Associates, LLC and that Horace Mann be awarded its damages in excess of $75,000 to be determined at trial; (1)  An injunction prohibiting Defendants Michael Croker and Croker & Associates, LLC from, for a period of twelve (12) months from the date of the Court's Order, soliciting the purchase of products or services in competition with those sold by Horace Mann to: (a)  Any person, company or organization to whom Michael Croker and Croker & Associates, LLC sold insurance or other products or services on behalf of Horace Mann and who was a customer of Horace Mann as of May 20, 2022; or (b) Any person, company or organization who was a customer of Horace Mann as of May 20, 2022 and whose identity was discovered by Michael Croker and Croker & Associates, LLC as a result of access to Confidential Information of Horace Mann; For an award of costs and attorneys' fees; for an award of prejudgment interest at the highest rate allowed by law until paid in full; and for such other and further relief as is just and proper.

## COUNT XI
## BREACH OF FIDUCIARY DUTY

*Against Michael Croker*

161.     Horace Mann repeats and realleges Paragraphs 1 through 160 as if fully set forth herein.

162.     Michael Croker owed a fiduciary duty to Horace Mann because he agreed to serve as an Exclusive Agent and represent Horace Mann.

163.     Michael Croker breached that fiduciary duty by actively competing against Horace Mann during the term of the Exclusive Agent Agreement and representing himself to Horace Mann's customers as an agent of a competitor.

164.     Michael Croker's breach of fiduciary duty proximately caused damages to Horace Mann, resulting the loss of customer goodwill and profits.

WHEREFORE, Horace Mann prays for judgment as follows:  Judgment in its favor on Count XI against Defendant Michael Croker and that Horace Mann be awarded its damages in excess of $75,000 to be determined at trial; (1)  An injunction prohibiting Defendant Michael Croker from, for a period of twelve (12) months from the date of the Court's Order, soliciting the purchase of products or services in competition with those sold by Horace Mann to: (a)  Any person, company or organization to whom Michael Croker sold insurance or other products or services on behalf of Horace Mann and who was a customer of Horace Mann as of May 20, 2022; or (b) Any person, company or organization who was a customer of Horace Mann as of May 20, 2022 and whose identity was discovered by Michael Croker as a result of access to Confidential Information of Horace Mann; For an award of costs and attorneys' fees; for an award of prejudgment interest at the highest rate allowed by law until paid in full; and for such other and further relief as is just and proper.

48931163v2

## COUNT XII
## BREACH OF CONTRACT

*Against Joseph Fisher and Mid-State Educators Insurance Services, LLC*

165.    Horace Mann repeats and realleges Paragraphs 1 through 164 as if fully set forth herein.

166.    Horace Mann, Defendant Joseph Fisher and Mid-State Educators Insurance Services, LLC entered into a binding and enforceable contract in the form of the Exclusive Agent Agreement, attached as Exhibit D.

167.    Horace Mann has fully complied with the Exclusive Agent Agreement.

168.    Defendants Joseph Fisher and Mid-State Educators Insurance Services, LLC have violated the Exclusive Agent Agreement by engaging in undisclosed and unauthorized competitive business activities during the term of the Agreement.

169.    Defendants Joseph Fisher and Mid-State Educators Insurance Services, LLC have violated and continue to violate the provisions of the Exclusive Agent Agreement by improperly using confidential information, and soliciting Horace Mann customers by offering competitive products and services.

170.    As a direct and proximate result of these breaches of the Exclusive Agent Agreement, Horace Mann has suffered and will suffer damage by the loss of business and the loss of customer goodwill in an amount to be proven at trial, in excess of $75,000, exclusive of interest and costs.

171.    Horace Mann has been required to retain attorneys to prosecute this action and is entitled to an award of attorneys' fees and costs of suit.

WHEREFORE, Horace Mann prays for judgment as follows:  Judgment in its favor on Count XII against Defendants Joseph Fisher and Mid-State Educators Insurance Services, LLC

and that Horace Mann be awarded its damages in excess of $75,000 to be determined at trial; (1) An injunction prohibiting Defendants Joseph Fisher and Mid-State Educators Insurance Services, LLC from, for a period of twelve (12) months from the date of the Court's Order, soliciting the purchase of products or services in competition with those sold by Horace Mann to: (a)  Any person, company or organization to whom Defendants Joseph Fisher and Mid-State Educators Insurance Services, LLC sold insurance or other products or services on behalf of Horace Mann and who was a customer of Horace Mann as of May 20, 2022; or (b) Any person, company or organization who was a customer of Horace Mann as of May 20, 2022 and whose identity was discovered by Defendants Joseph Fisher and Mid-State Educators Insurance Services, LLC as a result of access to Confidential Information of Horace Mann; For an award of costs and attorneys' fees; for an award of prejudgment interest at the highest rate allowed by law until paid in full; and for such other and further relief as is just and proper.

Dated:  June 10, 2022

ABM SERVICE CORPORATION


By:  */s/ Emily E. Cantwell*
          One of the Attorneys for Plaintiff

Michael J. Abrams – Lead Counsel
Kate O'Hara Gasper
Lathrop GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO  64108-2618
816.292.2000
Michael.Abrams@lathropgpm.com
Kate.Gasper@lathropgpm.com


Emily E. Cantwell (6304848)
emily.cantwell@lathropgpm.com
Pierre Laclede Center
7701 Forsyth Boulevard, Suite 500
Clayton, Missouri  63105
Telephone:          314.613.2800
Telecopier:         314.613.2801

48931163v2